UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| DAVID J. HARTSELL# 345698 | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-105 |
| | ) | |
| ROBERT E. CUPP, Criminal Court Judge; | ) | |
| JOE CRUMLEY, JR., District Attorney | ) | |
| General; STEVE FINNEY, Asst. District | ) | |
| Attorney; ED GRAYBEAL, Sheriff of | ) | |
| Washington County, Tennessee; BRENDA | ) | |
| DOWNS, Asst. Chief, Washington County | ) | |
| Detention Center; VINCE PINYARD, M.D.; | ) | |
| PAT HOLLIFIELD, R.N.; TOWN OF | ) | |
| JONESBOROUGH; WASHINGTON | ) | |
| COUNTY, TENNESSEE; RICHARD | ) | |
| SPIVEY, Attorney; SCOTT PRATT, | ) | |
| Attorney; DAVID LEONARD, Attorney; | ) | |
| JIM WOZNIAK, Reporter with the Johnson | ) | |
| City Press; *et al.* | ) | |

## MEMORANDUM and ORDER

This is a *pro se* state prisoner's civil rights action submitted pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq*. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of

---

[1] On February 7, 2005, the filing fee was increased to $250. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

>   (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;
>
>   or
>
>   (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on April 1, 2004.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The plaintiff has filed an amended complaint,[3] requesting that the Court dismiss six defendants. His request is **GRANTED**. Defendants Robert E. Cupp, Joe

---

[2] Send the payments to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

[3] The original complaint was confusing and convoluted; therefore, the plaintiff was ordered to amend it in compliance with the "clear and plain statement" requirement in Rule 8 of the Federal Rules of Civil Procedure.

Crumley, Jr., Steve Finney, Rick Spivey, Scott Pratt, and David Leonard are **DISMISSED** as parties in this action. There are seven defendants remaining—Ed Graybeal; Brenda Downs; Vince Pinyard, M.D.; Pat Hollifield, R.N.; Town of Jonesborough, Tennessee; Washington County, Tennessee; and Jim Wozniak.

The amended complaint contains two categories of claims. Each category will be addressed separately.

1) **The § 1983 claims**

The § 1983 allegations in the complaint are that from November 3, 2002 to October of 2003, while the plaintiff was confined in the Washington County Detention Center (WCDC), he was denied medications used to treat his chronic pain syndrome and a long-standing and severe nervous disorder. He further alleges that, when he first entered the WCDC, his medications were abruptly discontinued; that this caused him to sustain severe withdrawal symptoms; and that he was not properly treated by the WCDC medical staff with respect to these symptoms either. Citing to *Estelle v. Gamble*, 429 U.S. 97 (1976), he alleges that the above-described conduct amounts to deliberate indifference to his serious medical needs, in violation of his right under the Eighth Amendment not to have cruel and unusual punishments inflicted.

When presented with a prisoner's civil action, a federal court must

3

determine whether the plaintiff has exhausted his administrative remedies by offering the prison authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e. The plaintiff asserts, in ¶¶ 12 and 13 of the amended complaint, that he made repeated requests for grievances forms, which were denied; that those requests were addressed to various unidentified personnel; that he was told by guards that "everything to Medical was NOT a grievable issue;" that he directed an inmate information request form to defendant nurse Hollyfield, asking for grievance forms, that his request was ignored; that no grievance form was ever issued to him. He invites the Court to examine his submissions in a prior case he filed in July of 2003, which was dismissed in September or October of 2003, and in which he allegedly submitted a record (diary) showing which guards were asked for grievance forms; what responses were given to the plaintiff's requests; when a request was made; and when the denials occurred.

According to the electronic case filing system now utilized by the Court, the plaintiff has filed numerous cases, but the only case he filed in July of 2003 was a petition for a writ of habeas corpus. *Hartsell v. Tennessee*, Civil Number 2:03-cv-250 (dismissed *sua sponte* July 14, 2003—on the date of filing). The next case he filed was a civil rights case against five defendants. *Hartsell v. Spivey*, Civil Number 2:03-cv-318 (filed September 16, 2003 and dismissed October 9, 2003, for failure to

4

prosecute). Four of the defendants named in that suit have just been dismissed from this one, upon the plaintiff's request. The last defendant was the State of Tennessee, who is not even named as a defendant in this case.

The question is whether the plaintiff's allegations, in the pleading now under review, are sufficient to show exhaustion of administrative remedies with respect to all the claims raised therein. The Court finds that they are not. While jail officials cannot exploit the exhaustion requirement by refusing to issue grievance forms, the plaintiff does not identify the persons who denied his requests for a grievance form, nor allege the date of his requests, nor any of the circumstances surrounding the requests. (The Court declines to examine all of the plaintiff's various prior filings to try to locate his "record (diary)".) Nor does he contend that he attempted to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Some allegations, however, require further discussion. Those allegations are that the plaintiff asked for grievance forms by directing to defendant nurse Hollifield an inmate information request form, which she ignored, and that he never was issued a grievance form. The Court takes judicial notice that, in a prior case

5

(involving essentially the same § 1983 allegations presented in this case), which was dismissed for failure to exhaust administrative remedies, the WCDC records reflected that the plaintiff filed an inmate request form on February 6, 2003; that it was routed to Pat Hollifield for a response; that the response was filed the next day; and that no request for a grievance form to appeal that response was received. (Doc. 14, Affidavit of Brenda Downes, Civil Number 2:03-cv-148). The plaintiff never challenged the accuracy of those jail records. Therefore, the Court does not find that his present allegations (i.e., that he requested a grievance form from defendant Hollifield by filing an inmate information request) shows that he has exhausted his administrative remedies.

Moreover, the fact that the plaintiff has sent letters to various people and filed lawsuits, which the plaintiff, seemingly, asserts is sufficient to exhaust administrative remedies, does not satisfy § 1997e(a)'s requirements. *See, e.g., Shephard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (a prisoner must utilize the institution's formal grievance process; he cannot exhaust his administrative remedies by informally presenting his claims through letters). The plaintiff knows exactly what it takes to exhaust administrative remedies because he has been so advised in a previous case, which was dismissed for his failure to satisfy that requirement. *See Hartsell v. Graybeal*, Civil Number 2:03-cv-148 (filed April 24,

6

2003).

The plaintiff has not administratively exhausted the claims in this category and these claims are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1997e(a).

2.) **The ADA Claims**

In the second category of claims, the plaintiff alleges that he is a qualified disabled person who suffers from chronic pain syndrome and a nervous disorder; that he was denied medications to treat those disorders; and (inferentially) that this violates his rights under the ADA. The ADA prohibits an employer from discriminating against an otherwise qualified individual on the basis of a disability in regards to employment terms, conditions, and privileges. 42 U.S.C. § 12112(a). The ADA applies to state prisoners. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). In this case, however, the plaintiff fails to state a claim under the ADA because he has not alleged that he was discriminated against in an employment context.

A separate order will enter dismissing this case for failure to state a claim.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE